THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENTINEL INSURANCE COMPANY, LTD.,

              Plaintiff,

      v.

CHARLES and LORRAINE LEE, and
BANK OF AMERICA HOME LOANS,

              Defendant.

CASE NO. C11-342 JCC

ORDER

This matter comes before the Court on the cross motions for summary judgment of Defendants Charles and Lorraine Lee ("the Lees") (Dkt. No. 25) and Defendant Bank of America (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Bank of America's motion and DENIES the Lees motion for the reasons explained herein.

I.    **BACKGROUND**

This case involves a dispute between the Lees, Sentinel Insurance Company Ltd. ("Sentinel"), and Bank of America Loans over the interpretation of a deed of trust.  A deed of trust is a form of mortgage between a lender and borrower coupled with "power of sale" vested in a neutral third-party trustee. *See Buse v. First Am. Title Ins. Co.*, No. C08-0510MJP, 2009 WL 1543994, at *1 (W.D. Wash. May 29, 2009). *See also Kezner v. Landover Corp.*, 942 P.2d 1003, 1006–1007, 1006 n.9 (Wash. Ct. App. 1997) (noting characteristics of a deed of trust). The deed

1   of trust is created at closing when the seller conveys a piece of property by deed to the buyer.

2   The buyer then simultaneously conveys the property – in *trust* – to one or two trustees selected

3   by the lender. In Washington State, this transfers the legal title to these trustees. The trustees

4   hold the legal title until either: the buyer pays off the loan, in which case the trustee would

5   reconvey the property back to the buyer, or the buyer defaults on the loan, in which case the deed

6   of trust vests the power to sell the property in the trustee. The purpose of a deed of trust is to

7   "avoid time-consuming judicial foreclosure proceedings and to save substantial time and money

8   to both the buyer and the lender." *Peoples Nat'l Bank v. Ostrander*, 491 P.2d 1058, 1060 (Wash.

9   Ct. App. 1971).

10      In 1996, the Lees purchased a house and surrounding land located at 29004 Meridian

11  Ave. E in Graham, Washington. (Dkt. No. 30 at 2.) On February 10, 2006, the Lees refinanced

12  their house through Fremont Investment and Loan with a mortgage for $195,000. (Dkt. No. 27 at

13  2.) To secure the loan, the Lees simultaneously executed a Deed of Trust, which was recorded in

14  Pierce County on February 22, 2006 as document number 200602220335. *Id*. at 2–3. The lender

15  on the deed of trust was Fremont Investment & Loan ("Fremont"). (Dkt. No. 25 at 3.) The buyer

16  on the deed of trust was the Lees. *Id*. at 3–4. The trustee on the deed of trust was Mortgage

17  Electronic Registration Systems, Inc. ("MERS"). *Id*. at 3–4. After the new mortgage and the

18  deed of trust were executed, the Lees made monthly mortgage payments to Fremont. (Dkt. No.

19  30 at 3.) Sometime after this, the Lees were notified by Wilshire Mortgage that Wilshire was

20  taking over the loan and that future mortgage payments should be directed to them. *Id*.  At some

21  point between February 10, 2006 and March 26, 2009, Charles Lee became seriously ill and the

22  Lees became unable to consistently pay the refinanced mortgage. *Id*.

23      The Deed of Trust required the Lees to purchase and maintain insurance with particular

24  terms and at particular levels of coverage. (Dkt. No. 27 at 3.) The Deed of Trust also required

25  every insurance policy obtained for the property during the mortgage period to contain standard

26  mortgage clauses which named the lender as the mortgagee and/or as additional loss payee. *Id*. If

the insurance coverage was not satisfactory to the lender, the lender reserved the right to obtain

secondary coverage at the expense of the Lees. *Id*. The Deed of Trust clearly sets forth in clause

5 how insurance proceeds from the mandated insurance policy should be processed and

disbursed between lender and borrower:

> Unless Lender and Borrower otherwise agree in writing, *any insurance proceeds*, whether or not the underlying insurance was required by Lender, *shall be applied to restoration or repair of the Property*, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, *Lender shall have the right to hold such insurance proceeds* until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. . . . *If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument*, whether or not then due, with the excess, if any, paid to Borrower.

(Dkt. No. 28 at 10–11.) (emphasis added).

Pursuant to the terms included in the Deed of Trust, the Lees obtained insurance on their

property. (Dkt. No. 31 at 3.) The insurance was provided by Sentinel who issued a homeowner's

insurance policy including coverage for fire damage. *Id*. at 4. The only entities named as

beneficiaries on the policy were Wilshire and the Lees. (Dkt. No. 25 at 4.) Fremont, MERS, and

Bank of America are not named in the policy. *Id*.

On March 26, 2009, the Lees' house was destroyed by an accidental fire. (Dkt. No. 30 at

3.) Sentinel investigated the loss, and in February and March 2010 issued the Lees two checks

totaling $264,452.45. (Dkt. No. 27 at 4.) The checks were payable to the Lees, their public

adjuster, and Wilshire. *Id*. Sometime in February 2010, The Lees contacted Wilshire to inquire

about using the proceeds recovered from Sentinel to either pay off the loan or to become current

on their payments. (Dkt. No. 30 at 4). In March 2010, Bank of America told the Lees that it was

taking over the loan from Wilshire. *Id*.

On January 26, 2001, the Lees filed a lawsuit against Sentinel in the Superior Court of

King County, Washington, alleging that Sentinel had breached the insurance contract by

delaying payments pursuant to the policy terms. (Dkt. No. 27 at 5.) The Lees also asserted that

Sentinel was required to reissue the checks without listing Wilshire or Bank of America as co-

1    payees. *Id*. On February 28, 2011, Sentinel removed the case to this Court. *Id*. Sentinel then filed

2    a Rule 22 Interpleader action against Bank of America and the Lees for the Court to decide what

3    to do with the insurance proceeds. *Id*. Sentinel deposited the insurance proceeds of $264,452.45

4    with the Court. *Id*. On December 12, 2011, this Court ordered the Lees' action and Sentinel's

5    action to be consolidated into one. (Dkt. No. 17.) The Lees filed for Summary Judgment on May

6    7, 2012, alleging that Bank of America was never a beneficiary of the insurance contract and was

7    never assigned the rights to collect on the mortgage. (Dkt. No. 25.) Bank of America filed for

8    Summary Judgment on May 8, 2012, alleging that the Deed of Trust is binding on the Lees and

9    that it dictates that the insurance proceeds be disbursed to Bank of America. (Dkt. No. 27.)

10   Sentinel filed an unopposed motion to be dismissed with prejudice from this case and to be

11   discharged from interpleader. (Dkt. No. 24.)

12
13   **II.    DISCUSSION**

14          **A.    Legal Standard**

15          Summary judgment is appropriate when "the movant shows that there is no genuine

16   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

17   Civ. P. 56(a). A movant is entitled to summary judgment if the evidence is of "insufficient

18   caliber or quantity to allow a rational finder of fact to find" for the non-moving party. *Anderson*

19   *v. Liberty Lobby, Inc.*, 447 U.S. 244, 254 (1986). If a party fails to make a sufficient showing to

20   establish the existence of an essential element to that party's case, summary judgment must be

21   granted against them. *Celotex Corp. v. Catrett*, 466 U.S. 317, 322 (1986).

22          **B.    The Deed of Trust**

23          The Lees argue that this Court should not consider the Deed of Trust when deciding the

24   motions for summary judgment. Their first argument is that the Deed of Trust is inadmissible

25   hearsay. This does not square with the rules of hearsay. According to Fed. R. Evid. 803(14), the

26   "record of a document purporting to establish or affect an interest in property" is a clear

ORDER
PAGE - 4

exemption to the general rule of hearsay so long it was recorded by a public office. Here, the Deed of Trust is indisputably a document that that establishes the rights and duties of lender, borrower, and trustee in regards to a parcel of real property at 29004 Meridian Ave. E. (Dkt. No. 27 at 2–3.) This document was created at the closing on February 10, 2006 and was filed in the public office of Pierce County as document 200602220335 on February 22, 2006. *Id.* The document falls safely within the hearsay exception.

The Lees also assert that the Deed of Trust is inadmissible because the authenticity of the document is reasonably questioned. This argument fails as well. According to Fed. R. Evid. 902(8), if a document is "accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary officer," such document is self-authenticating. Here, the Lees initialed every page of the document, signed the final page, and agreed to abide by its terms on February 10, 2006 in the presence of a notary. (Dkt. No. 28 at 5–19.)  The Deed of Trust therefore satisfies the Fed. R. Evid. 902(8) standard and shall be deemed self-authenticating.

Finally, Bank of America asks this Court to take judicial notice of the Deed of Trust, and the Lees object that judicial notice would be inappropriate. According to Fed. R. Evid. 201, a court can take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). A court may take judicial notice of a document that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In *Boag v. Litton Loan Servicing*, No. C11-5838BHS, 2012 U.S. Dist. LEXIS 32796 (W.D. Wash. Mar. 12, 2012), this Court stated that it "will take judicial notice of public documents when the authenticity of such documents cannot reasonable be disputed." The Lees provide no reasonable basis to question the authenticity of the Deed of Trust, and the Court takes judicial notice of it.

### C.    The Lees' Answer

The Lees argue that even if the Deed of Trust is admissible, Bank of America has failed to establish that they are the proper beneficiary. All of these arguments fail. When the Lees

answered Sentinel's interpleader complaint, now consolidated with this case, the Lees admitted in Paragraph 13 that Bank of America was assigned the mortgage and the proper lender and beneficiary of the loan. (2:11-cv-01618-JCC, Dkt. No. 9 at 2.) Under federal law, stipulations and admissions in the pleadings are conclusively binding on the parties and the Court. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *Perez-Mejia v. Holder*, 641 F.3d 1143, 1149 (9th Cir. 2011) ("[A]dmissions made in an answer to a civil complaint are binding in a judicial proceeding"). *See also Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 130 S. Ct. 2971, 3005 (Alito, J., dissenting) (noting admissions in answer are conclusively binding). Judicial admissions are more than evidentiary admissions. They have the effect of withdrawing the admitted fact from issue and wholly dispensing with the need for proof of the fact. *See Lacelaw*, 861 F.2d at 226. Because the Lees admitted that Bank of America was the proper beneficiary of the mortgage, that fact must be taken as true. Any subsequent challenges to Bank of America's status as a beneficiary are untimely.

## III.    CONCLUSION

For the foregoing reasons, Defendant Bank of America's motion for summary judgment (Dkt. No. 27) is GRANTED. The Lees' motion for summary judgment is DENIED. (Dkt. No. 25.) Sentinel's motion for dismissal on this matter and for discharge from interpleader on C11-1618 is GRANTED. This case is DISMISSED. The Clerk is DIRECTED to CLOSE the case.

DATED this 25th day of July 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE